UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO SEWELL (#285972)                                            CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                               NO. 11-0780-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2012.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANTONIO SEWELL (#285972)**                         **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                **NO. 11-0780-JJB-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, former Legal Programs Director Dora Rabalais and current Legal Programs Director Trish Foster. The plaintiff complains that his constitutional rights were violated in 2003 when he was denied access to the courts because of the incompetence of a co-inmate legal assistant. The plaintiff prays for monetary damages and for reinstatement of his right to file an application for post-conviction relief in state court.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss

a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

In his Complaint, the plaintiff alleges that in 2003, he provided copies of his trial court criminal record to a co-inmate working in the LSP Legal Programs Department for the purpose of preparing an application for post-conviction relief in state court. According to the plaintiff, however, the inmate counsel returned the plaintiff's documents two days later and advised the plaintiff by correspondence that there were no meritorious issues to be raised. The plaintiff asserts, however, that he has since learned, through "years of relentless research and rereading my trial transcripts and reading case after case and assistance from non-inmate counsels," that this advice was incorrect and that there were meritorious issues which, had they been asserted, may have resulted in the reversal of his conviction. He further complains that he is now time-barred from asserting these issues in state court.

The plaintiff's claim is not properly before this Court. Initially, with regard to defendants LeBlanc, Cain and Foster, the Court finds that the plaintiff has failed to sufficiently allege any personal participation by these defendants in the constitutional violations alleged. In this regard, in order for there to be liability under §

1983, a defendant must have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. <u>Lozano v. Smith</u>, <u>supra</u>.

Applying this standard, it does not appear that defendants LeBlanc, Cain and Foster have had any direct participation in the events complained of. The plaintiff does not allege that these defendants had any involvement in the review of his criminal records by the LSP Legal Programs Department in 2003 or were otherwise aware at that time of any alleged wrongdoing by that Department. As the Secretary of the Louisiana Department of Public Safety and Corrections and Warden at LSP, respectively, defendants LeBlanc and Cain clearly stand in only a supervisory role with regard to the operation of the Legal Programs Department at LSP. And with regard to defendant Foster, the plaintiff acknowledges that this defendant became the Director of the LSP Legal Programs Department <u>after</u> the events complained of. Accordingly, there does not appear to be any basis for the imposition of liability against

these defendants.

Turning to the plaintiff's claim asserted against the remaining defendant, Dora Rabalais, the plaintiff asserts that this defendant was the Director of the LSP Legal Programs Department in 2003, at the time of the alleged wrongdoing, and "was responsible for overseeing that the law library was providing me with adequate legal assistance and access to the courts." According to the plaintiff, defendant Rabalais was aware at that time that the plaintiff had received a letter from the co-inmate legal assistant, advising the plaintiff that there were no meritorious issues to be pursued relative to his criminal proceedings. The plaintiff asserts, therefore, that defendant Rabalais was aware in 2003 that the plaintiff "had been denied adequate legal assistance and access to the courts and failed to do anything about it."

Initially, the Court finds that the plaintiff's claim asserted against defendant Rabalais is time-barred. In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995), quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. Id., citing Harrison v. United

States, 708 F.2d 1023 (5th Cir. 1983). Specifically, "[t]he requisite knowledge that a plaintiff must have to begin the running of the limitations period 'is merely that of 'the facts forming the basis of his cause of action,' ... not that of the existence of the cause of action itself.'" Vigman v. Community National Bank and Trust Co., supra.

In the instant case, the plaintiff was admittedly in possession of his pertinent criminal records in 2003, when he provided them to the co-inmate legal assistant to evaluate his potential post-conviction claims. The plaintiff therefore had in his possession all of the pertinent factual information upon which his potential post-conviction claims might legally be based. In addition, upon receipt of the letter from the co-inmate legal assistant in 2003, the plaintiff was aware of the facts which now form the basis for his constitutional claim of denial of access to the courts through an alleged failure to provide him with appropriate legal assistance. See McCall v. Washington, 2007 WL 2088502 (W.D. La., June 20, 2007) (finding that plaintiff was aware of his claim against attorney at such time as the plaintiff received correspondence from the attorney advising the plaintiff of the result of an allegedly deficient investigation). Accordingly, inasmuch as the plaintiff waited for more than a year after receipt of this correspondence to institute the present litigation, his claim relative thereto is time-barred. Id.

Further, in the alternative, it appears that the plaintiff has also failed to allege a cause of action relative to defendant Rabalais in this case. Specifically, it is clear that the alleged wrongful conduct in this case was undertaken, not by defendant Rabalais, but instead by the co-inmate legal assistant who reviewed the plaintiff's records in 2003 and concluded, allegedly wrongly, that no meritorious claims were available. Under 42 U.S.C. § 1983, in order for there to be a finding

of liability, there must have been action undertaken by a state actor, i.e., a person acting under color of state law, and the co-inmate legal assistant in this case was not such an actor. See Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995) (holding that "the actions of counsel substitute[s] ... are not actions under the color of state law"); Armenta v. Pryor, 377 Fed.Appx. 413 (5th Cir. 2010) (holding that "counsel substitutes act on behalf of the inmate, ... and are therefore not amenable to suit under § 1983"). The most that the plaintiff has alleged against the state actor in this case, defendant Rabalais, is that this defendant was aware, in 2003, that the plaintiff's legal materials had been returned to him by the co-inmate legal assistant with a letter indicating that no meritorious post-conviction claims were present. There is no suggestion, however, that defendant Rabalais herself reviewed the plaintiff's legal materials, that she conducted an independent analysis to determine whether the conclusion of the co-inmate was correct, or that she was otherwise aware that the co-inmate had committed error. There is further no suggestion that the defendant had any specific intent to interfere with the plaintiff's right to seek post-conviction relief or was otherwise deliberately indifferent to his wish to do so. See Richardson v. McDonnell, 841 F.2d 120 (5th Cir. 1988) (holding that there must be intentional interference with an inmate's access to the court in order for there to be liability in connection with this claim); Herrington v. Martin, 2009 WL 5178340 (W.D. La., Dec. 23, 2009) (holding that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983."). Accordingly, in light of the plaintiff's failure to allege any

intentional wrongful conduct on the part of defendant Rabalais, he has failed to state a cause of action which is cognizable in this Court.[1]

Finally, although the courts have recognized that prisoners have a constitutional right to access to the courts, Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), there is no specific right to access to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Rather, "prison law

---

[1] Although not specifically alleged by the plaintiff, he may wish to suggest that defendant Rabalais failed in her responsibility to provide adequate training to inmates who acted as co-inmate legal assistants at LSP. Under certain circumstances, the failure of a prison official to provide adequate training may establish an official policy or custom and subject a government official to liability under § 1983. City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The Fifth Circuit has established a three-part test for evaluating the liability of a supervisory official under § 1983 on a claim of failure to train where the official has not been directly involved in the violation alleged. Such official may be found liable if the plaintiff can establish that (1) the official failed to train; (2) there is a causal connection between the alleged failure to train and the alleged violation of the plaintiff's rights; and (3) the failure to train constituted deliberate indifference to the plaintiff's constitutional rights. Burge v. St. Tammany Parish, 336 F.3d 363 (5th Cir. 2003), cert. denied, 540 U.S. 1108, 124 S.Ct. 1074, 157 L.Ed.2d 895 (2004). See also City of Canton v. Harris, supra. "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." Thompson v. Upshur County, 245 F.3d 447 (5th Cir. 2010). Indeed, a plaintiff alleging a failure to train must show a pattern of similar violations. Id.; Estate of Davis v. City of North Richland Hills, 406 F.3d 375 (5th Cir. 2005). A supervisory official is deliberately indifferent only when the inadequate training is so obvious that a constitutional violation would almost always result. City of Canton v. Harris, supra.
  In the instant case, the plaintiff has not met any of the elements set out by the Fifth Circuit. If anything, the plaintiff may be supposed to merely speculate that the training of co-inmate legal assistants at LSP was inadequate. He points, however, to no more than the single incident complained of in his Complaint. This Court, however, will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions". See, e.g., Arias-Benn v. State Farm Fire & Cas. Ins. Co., 495 F.3d 228 (5th Cir. 2007); Evans v. Aultman, 2008 WL 190744 (S.D. Miss. Jan. 18, 2008). Accordingly, the Court concludes that the plaintiff has failed to adequately plead a claim of failure to train on the part of defendant Rabalais in this case.

libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Id. Therefore, a prisoner alleging a violation of his right to access to the courts must demonstrate an actual injury. Id. According to the Supreme Court, the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." Id. In other words, the plaintiff in this case must show that his state post-conviction claims, which were rejected by the co-inmate legal assistant in 2003 and which would now be rejected as untimely in state court, were "arguable" and "non-frivolous." Id. The plaintiff, however, has not done so. He has provided no information whatever about his state post-conviction claims from which this Court could conclude that the claims have potential merit. See Mendoza v. Strickland, 414 Fed.Appx. 616 (5th Cir. 2011) (dismissing claim of denial of access to the courts where inmate provided no information regarding the merit of his underlying post-conviction claims). Accordingly, the plaintiff's allegations fail to establish his entitlement to relief in this Court.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915 and 1915A.[2]

Signed in chambers in Baton Rouge, Louisiana, January 26, 2012.

MAGISTRATE JUDGE CHRISTINE NOLAND

---

[2] The plaintiff is placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."